IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MARK ANTHONY REYNOLDS,**

    **Movant,**

v.                                     **CIVIL ACTION NO. 5:07-00271**
                                          **(CRIMINAL ACTION NO. 5:04-00088-02)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

    Pending before the court is Mark Anthony Reynolds' appeal of the magistrate judge's denial of bail pending resolution of Reynolds' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 216.)  Pursuant to standing order, this action was referred to Magistrate Judge R. Clarke VanDervort on May 2, 2007. (Doc. No. 196.)  Reynolds subsequently filed his motion for bail, which Magistrate Judge VanDervort denied on May 22, 2008. (Doc. No. 212.)  Reynolds then filed this appeal of the magistrate judge's order. (Doc. No. 216.)

    Movant's first argument is that the magistrate judge lacked jurisdiction to deny his motion for bail. (Id. at 3.)  He contends that, under 28 U.S.C. § 636, a magistrate judge may only preside with the consent of the parties. (Id. at 3-4.)  He further contends that the magistrate judge was obligated to

submit proposed findings and recommendations to the district court, rather than disposing of the motion directly.  (Id. at 4.)

Movant misreads section 636.  Although section 636(b)(1)(B) gives magistrate judges authority to handle applications for posttrial relief by means of submitting proposed findings to the district court, it refers to the application itself, and not to all pretrial matters in such actions.  Pursuant to section 636(b)(1)(A), a district court judge "may designate a magistrate to hear and determine any pretrial matter pending before the court," other than those specifically excepted in the statute.  28 U.S.C. § 636(b)(1)(A).  The district court may then reconsider any pretrial matter decided by the magistrate judge "where it has been shown that the magistrate's order is clearly erroneous or contrary to law."  Id.

The court will thus consider the magistrate judge's denial of bail under the clearly erroneous standard.  Movant bases his request for bail in part on the Bail Reform Act of 1984, 18 U.S.C. § 1343.  (Doc. No. 216 at 4-5.)  The standard applicable to a motion for bail pending resolution of a section 2255 motion, however, is significantly higher than that set forth in 18 U.S.C. § 3143.  United States v. Bowers, 1991 U.S. App. LEXIS 24758, at *1-2 (4th Cir. Oct. 18, 1991).  "A person seeking interim release during pursuit of § 2255 relief . . . faces a formidable barrier created by the fact of conviction and the government's interest

2

in executing its judgment." United States v. DeTemple, 31 Fed. Appx. 237, 237 (4th Cir. March 26, 2002). "'In the absence of exceptional circumstances . . . the court will not grant bail prior to the ultimate final decision unless [the applicant] presents not merely a clear case on the law, . . . but a clear, and readily evident, case on the facts.'" Id. (quoting Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972)).

Having reviewed the record, the court must conclude that Reynolds has failed to meet this burden. Accordingly, Magistrate Judge VanDervort did not err in denying Reynolds' motion for bail, and the court **DENIES** his appeal of the magistrate judge's order.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to all counsel of record and to movant, pro se.

It is **SO ORDERED** this 11th day of July, 2008.

ENTER:

David A. Faber
United States District Judge

3